THARPE & HOWELL, LLP
15250 Ventura Boulevard
Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; SATE BAR NO.: 131661
RODRIGO J. BOZOGHLIAN, ESQ.; STATE BAR NO.: 249732
E-mail: cmay@tharpe-howell.com
E-mail: gsharaga@tharpe-howell.com
E-mail: rbozoghlian@tharpe-howell.com

Attorneys for Defendant, LOWE'S HIW, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHELE BURKENBINE, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC., and DOES 1 TO 50, INCLUSIVE, <br><br> Defendants. | Case No. CV 12-4740-GW(PJWx) <br><br> (Los Angeles County Superior Court Case No.: YC066232) <br><br> AMENDED STIPULATION FOR PROTECTIVE ORDER <br><br> *Note changes to order* |

It is hereby stipulated and agreed by and between Plaintiff and Defendant that LOWE'S HIW, INC. (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1. All documents produced or information disclosed and any other documents or records designated as "confidential" by the Defendant shall be revealed only to Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. The information considered as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without

- 1 -
STIPULATION FOR PROTECTIVE ORDER

limitation, all of the Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, or any other information or documentation supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production.

2. Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant.

3. Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of

- 2 -
STIPULATION FOR PROTECTIVE ORDER  Burkenbine v. Lowe's HIW, Inc.
Case No.: CV 12-4740-GW(PJWx)

[Handwritten margin note: "Local Rule 79-5 shall govern under seal filings in this case"]

[Left margin: THARPE & HOWELL, LLP, 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California 91403-3221]

1  Plaintiff's experts, except solely with respect to the ability of such expert to protect
2  confidential information and documents from re-disclosure.
3     5.    Any pleading or other document disclosing information subject to this
4  Order, which may be submitted to the Court, whether in the form of interrogatory
5  answers, document production, deposition notices or transcripts, motions, affidavits,
6  briefs or other documents, shall be filed in a sealed envelope appropriately marked as
7  confidential and subject to protective order. The Clerks are directed to maintain such
8  documents under seal, to be made available only to the Court and to counsel in this
9  proceeding, pursuant to Local Rule 79-5.
10    6.    This Order is subject to revocation and modification by Order of the
11 Court upon written stipulation of the parties, or upon motion and reasonable notice,
12 including opportunity for hearing and presentation of evidence.
13    7.    The parties to this action seek this Order in good cause pursuant to
14 FRCP 26(c)(1), having properly met and conferred on all issues raised herein.
15
16 DATED: August _8_, 2012        LAW OFFICES OF KAIMAN, GREENE & ASSOCIATES
17
18
19                                By: _____
20                                    JEFFREY A. KAIMAN
                                      MICHAEL A. GREENE
21                                    Attorneys for Plaintiff,
                                      MICHELE BURKENBINE
22
23 DATED: August _9_, 2012        LAW OFFICES OF THARPE & HOWELL, LLP
24
25                                _____
26
27                                CHARLES D. MAY
                                  GENE B. SHARAGA
28                                RODRIGO J. BOZOGHLIAN
                                  Attorneys for Defendant,
                                  LOWE'S HIW, INC.

- 3 -
STIPULATION FOR PROTECTIVE ORDER   Burkenbine v. Lowe's HIW, Inc.
                                   Case No.: CV 12-4740-GW(PJWx)

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN, the Stipulation for Protective Order is hereby granted.

Entered this 9th day of August, 2012.

*Patrick J. Walsh*
U.S. Magistrate Judge

\* This order does not authorize the parties to file confidential documents under seal. Any party that wishes to file such documents under seal, must apply to the Court under L.R. 79-5.

PJW

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **AMENDED STIPULATION FOR PROTECTIVE ORDER**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Jeffrey A. Kaiman, Esq.<br>Michael A. Greene, Esq.<br>LAW OFFICES OF KAIMAN, GREENE & ASSOCIATES<br>2029 Century Park East, Suite 450<br>Los Angeles, CA 90067<br>Tel.: (310) 789-2030<br>Fax: (310) 789-2031 | Attorneys for Plaintiff,<br>MICHELE BURKENBINE |
|---|---|

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

c. ____ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ____ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ____ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ____ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

8/9/12
DATE

DARLENE DUARTE
(TYPE OR PRINT NAME)

*/s/ Darlene Duarte*
(SIGNATURE OF DECLARANT)

I:\24900\Discovery\FEDERAL\Stip for Protecitve Order (revised).docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221